## Felix W. Chagnon *vs.* United Electric Railways Company.

### July 8, 1938.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Per Curiam. In its motion for a reargument which was filed with the permission of the court, the defendant draws an unwarranted inference from the fact that in the opinion it was stated that just before the plaintiff started across the defendant's trolley car track he "was not in a place of safety, but in the middle of a main city street, in which automobile traffic was heavy." The inference drawn by the defendant is that the court decided the case in the belief that the plaintiff was then in immediate danger from near-by approaching automobiles. The court was under no such misapprehension, but was simply calling attention to the difference in point of safety between a position on a sidewalk

and one in the middle of a main thoroughfare of a busy city street at a time when automobile traffic is apt to be heavy.

The defendant also contends that the court ignored the fact that a trolley car is confined to its track and cannot be turned aside to avoid collision with a pedestrian. That fact was not overlooked by the court but was viewed as only one element in the situation, an element which did not relieve the operator of the car from the duty to use care, with the means at his disposal, to avoid collision with a pedestrian who might attempt to cross the track in front of the car, and which did not put the sole responsibility for avoiding such a collision upon the pedestrian. It is an element to be taken into consideration by any pedestrian in deciding whether or not to start to cross the track at any particular moment; but in our judgment it does not render inapplicable the general rule that a pedestrian, in deciding whether or not to attempt to cross a street or any portion of it in front of an approaching vehicle, which is not so close and moving at such speed as to make a collision unavoidable, if he does so attempt to cross, has ordinarily a right to rely, to some extent at least, on the expectation that the driver of the vehicle will use reasonable care to avoid colliding with pedestrians.

The defendant has not called our attention to any case, nor have we, on investigation, found any case in this state which in our judgment is inconsistent with such an application of that rule. Whether or not, in any particular case of this sort, the plaintiff, in starting to cross the track after seeing the car coming toward him, was guilty of contributory negligence as a matter of law depends upon how far away from him the car was at the time he started to cross the track and at what speed it was then moving.

In the instant case the evidence most favorable to the plaintiff was such that we were and remain of the opinion that it did not show that he was guilty of contributory neg-

ligence as a matter of law. In arriving at our decision, we did not overlook any of the contentions or considerations stated in the defendant's motion.

The motion for a reargument is denied.

*Walter I. Sundlun, Baker & Spicer,* for plaintiff.

*Clifford Whipple, Earle A. Sweeney,* for defendant.